Dylan M. McFarland
MCFARLAND MOLLOY & DUERK
283 W. Front St., Suite 203
Missoula, MT 59802
McFarland@MissoulaLawyers.com
(406) 519-3124 Telephone
(406) 519-3123 Facsimile

*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT OF MONTANA**
**BUTTE DIVISION**

| | |
|---|---|
| DAVID L. BORGES and JENNIFER BORGES,<br><br>Plaintiffs,<br><br>vs.<br><br>STRYK GROUP USA, LLC, and JEFFREY EDWARDS,<br><br>Defendants. | Civil Action No. CV-24-26-BU-BMM<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR BENCH TRIAL** |

COME NOW, Plaintiffs David L. Borges and Jennifer Borges and file their Original Complaint against Defendants Stryk Group USA, LLC, and Jeffrey Edwards. In support of this pleading, Plaintiffs would show the Court the following:

### I.   PARTIES

1. Plaintiff, David L. Borges, is a Texas citizen who resides in San Antonio, Texas.

1

2. Plaintiff, Jennifer Borges, is a Texas citizen who resides in San Antonio, Texas.

3. Defendant, Stryk Group USA, LLC (hereinafter, "Stryk") is a Pennsylvania limited liability company organized and existing under the laws of the state of Pennsylvania with its principal place of business located at 215 Quail Run Road, Suite D, Bozeman, Montana 59718. Stryk Group USA, LLC's members include Jeffrey Edwards, who is a citizen of Bozeman, Montana. Defendant Stryk Group USA, LLC may be served with process by serving its registered agent, Jeffrey Edwards at 801 W. Main, Suite 3A, Bozeman, Montana 59715.

4. Defendant, Jeffrey Edwards, is an individual residing in Bozeman, Montana. He may be served with process at his residence located at 91 Big Chief Trail, Bozeman, Montana 59718, or wherever he may be found.

## II. VENUE AND JURISDICTION

5. Venue is proper in this District pursuant to the parties' Equity Purchase Agreement where in the parties agreed to venue in Montana Federal Court. Venue is also proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(1) as Defendant Stryk's principal place of business is located in Bozeman, Montana.

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as the matter in controversy exceeds the sum of $75,000,

exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiffs and Defendants.

7. The Court has specific and general personal jurisdiction over the Defendants because they purposefully availed themselves to the privilege of conducting activities within Montana and have substantial contacts with the State of Montana generally and with respect to this action. Therefore, exercising jurisdiction over Defendants does not offend the traditional notions of fair play and substantial justice. In particular, this action arises foreseeably from Defendants' conduct following its purposeful choice to operate its business in Gallatin County, Montana, and its failure to exercise ordinary care while doing so. Defendants should reasonably anticipate being haled into court in Montana given the substantial connection between their activities in Montana and the claims made in this lawsuit. Thus, this action seeks to adjudicate issues deriving directly from or connected directly with its tortious activities in Montana, and this Court's personal jurisdiction over the Defendants in this action arises from that nexus. Defendants created the contacts with Montana; they purposefully availed itself of the privilege of conducting activities within Montana. Defendants have sufficient minimum contacts with the State of Montana to support the exercise of personal jurisdiction over them by a court in the forum state. Based upon the direct connection between the Defendants' activities in Montana and the claims made against them, as well as the

minimum contacts they purposefully made with the State of Montana, the exercise of personal jurisdiction here is consistent with the Montana Long Arm Statute and with due process; it does not offend traditional notions of fair play and substantial justice and is neither unfair nor unreasonable.

### III.  FACTUAL ALLEGATIONS

8. In September of 2021, David Borges and Jennifer Borges ("Plaintiffs") executed an Equity Purchase Agreement (the "Equity Agreement") with Stryk Group USA, LLC, whereby Stryk agreed to purchase the Borges's ownership shares in Caranova Holdings, LLC, Polymer80 Properties, LLC, and Polymer80 Enterprise Properties, LLC.

9. As set forth in Paragraph 1.1 and 1.2 of the Equity Agreement, Stryk agreed to purchase the Borges's shares for the total amount of Four Million ($4,000,000.00) Dollars. The purchase price was to be paid in 120 equal monthly installments of $33,333.33 each, beginning at closing. Defendant Jeffrey Edwards signed the Equity Agreement in his individual capacity as an independent Guarantor of the payments for the Purchase Price.

10. On October 15, 2021, the parties executed an Addendum to the Equity Purchase Agreement (the "Addendum"), reducing the total purchase price for the shares to $3,737,298, to be paid in 120 equal monthly installments of $31,144.15. All other terms of the Equity Agreement remained in full force and effect.

11. Although, often done untimely, Stryk paid the Borges's the required monthly amounts from the date of closing through March 2023.

12. Defendants failed and refused to pay the Borges's the required monthly installments since April 2023. Plaintiffs made demand for all past due amounts on June 12, 2023. To date, Defendants have continued their refusal to pay.

### IV.   CAUSE OF ACTION

### Breach of Contract

13. Plaintiffs and Defendants executed a valid and enforceable written contract under—the Equity Agreement and Addendum—stating that Defendants would pay Plaintiffs $31,144.15 in 120 equal monthly installments. Defendant Edwards guaranteed such payments in his individual capacity.

14. Defendants breached the contract by failing and refusing to pay the required monthly installments as set forth in the Equity Agreement and Addendum.

15. Defendants' breach of contract caused injury to Plaintiffs, which resulted in Plaintiffs not receiving the amounts due as required under the Equity Agreement and Addendum.

### V.   DAMAGES

16. Plaintiffs seek to recover all damages allowed by law, including but not limited to all actual, consequential, and special damages. Plaintiffs seek to recover all past due amounts from the Equity Agreement, totaling an ongoing amount of

$404,873.95, exclusive of interest. Plaintiff's further demand all amounts remaining due under the Equity Agreement.

## VI.   CONDITIONS PRECEDENT

17.   All conditions precedent have been performed or have occurred. Plaintiffs sue Defendants in all capacities in which Plaintiffs may be entitled to recover and in all capacities in which Defendants may be liable.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request the following relief:

a.   Bench trial;

b.   For general, compensatory, and consequential damages to be proven at trial in an amount to be determined by the Court;

c.   Costs incurred herein, including reasonable attorney fees;

d.   Pre and post judgment interest; and

e.   Such other further and equitable relief as the Court deems necessary, just, and proper.

DATED this 22nd day of April, 2024.

**MCFARLAND MOLLOY & DUERK**

By: /s/ *Dylan M. McFarland*
Dylan M. McFarland
*Attorney for Plaintiff*

6